UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X
LESLY REMY,

                Plaintiff,

         -against-

NYS DEPT. OF TAXATION AND FINANCE,
NYS OFFICE OF TEMPORARY AND DISABILITY
ASSISTANCE OTDA, NYS OFFICE OF CHILDREN
AND FAMILY SERVICES, NYC OFFICE OF CHILD
SUPPORT ENFORCEMENT /OCSE AKA SCU A
SUBDIVISION OF NYC HUMAN RESOURCES
ADMINISTRATION HRA, NYC EMPLOYEE
RETIREMENT SERVICES, NYCERS, AND
COMMISSIONERS, DIRECTORS, CHIEFS,
SUPPORT MAGISTRATES, NYS CLERK OF
COURT, NYS COURT OFFICER CAPTAIN JOHN
DOE #1, NYS COURT OFFICERS JOHN/JANE DOE
1,2,3,4, NYC FIRE DEPT. EMS PARAMEDIC JOHN
DOE #1 A SUB DIVISION, S. MICHAEL
FONOCARO, JOETTE BLAUSTEIN, GEORGE
CAFASSO, IRA STEINBERG, ROBERT L. MEGNA,
DAVID HANSELL, GLADYS CARRION, FRANCIS
PARDU ABBADESSA, DIANE D'ALESSANDRO,
PETER PASSIDOMO, JOHN AMAN, C. DUNCAN
KERR, JAYNEE WALL, L. BISHOP, ROBERT
DOAR, SAWATAR SINGH, NYS ASSEMBLY
MEMBERS PHIL RAMOS, MICHELE TITUS,
VIVIAN COOK, CLERK GLORIA D'AMICO,
GOVERNOR DAVID PATERSON, MAYOR
MICHAEL BLOOMBERG CITY OF NEW YORK
AND STATE OF NEW YORK,

                Defendants.
———————————————————————X
FEUERSTEIN, J.

**ORDER**
**09 CV 4444 (SJF)(AKT)**

On October 16, 2009, *pro se* plaintiff Lesly Remy ("Plaintiff") commenced this

1

action against a number of New York City agencies and employees (the "City defendants") and New York State agencies and employees (the "State defendants"). Plaintiff alleged violations of 42 U.S.C. § 1983 and requested two million dollars ($2,000,000) and injunctive relief. On February 18, 2010, Defendant filed five (5) motions: (1) a motion for relief from a final judgment, order or proceeding pursuant to Rule 60 of the Federal Rules of Civil Procedure, (2) a "request for an administrative remedy" pursuant to Rule 5.1 of the Federal Rules of Civil Procedure challenging the constitutionality of 45 C.F.R. § 303.11, (3) a "motion for declaration of emancipated status" seeking a declaratory judgment that his son is emancipated under the laws of the State of New York, (4) a "motion to annul official documents" citing 15 U.S.C. § 1673, and referring to an attached letter titled "Termination of Income Execution" from the New York City Office of Child Support Enforcement, and (5) a "motion to annul official documents" referring to a "Satisfaction of Judgment" from the New York State Department of Taxation and Finance, and a "Notice to Vacate Restraining Notice or Execution" from the State of New York to Plaintiff's bank and employer.

The City defendants and the State defendants opposed the five (5) motions and moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, New York State defendants Court Officer Captain John Doe #1 and Court Officers John/Jane Doe 1, 2, 3 and 4 moved for a more definite statement pursuant to Rule 12(e).

Pursuant to Referrals dated February 23, 2010, March 1, 2010, and March 22, 2010, a Report and Recommendation (the "Report") of Magistrate Judge A. Kathleen Tomlinson, dated April 18, 2010, recommended that (1) Defendants' motions to dismiss be granted as to all

Defendants except New York State Court Officer Captain John Doe #1 and Court Officers John/Jane Doe 1, 2, 3, and 4; (2) the Defendants' motion for a more definite statement be denied; and (3) Plaintiff's five (5) remaining motions be denied as moot. Upon review of the Report and consideration of Plaintiff's objections, the objections are overruled and the Report accepted in its entirety.

I.   Discussion

   A.   Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." Johnson v. Connolly, No. 9:07-CV-1237, 2010 WL 2628747, at *1 (N.D.N.Y. Jun. 25, 2010). See also Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review"). The court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474

U.S. 140, 150, 106 S.Ct. 466 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.  Plaintiff's Objections

Plaintiff objects to the Report on the grounds that the "Rooker-Feldman doctrine is inapplicable" and his action is an exception to the Rooker-Feldman doctrine. Plaintiff's Objections ("Pl. Obj.") at 2, 13. Plaintiff also contends that the Report "is Mis-grounded for failure to effectively apprehend the thrust, makings of this federal legal controversy" *(Id.* at 13) and does not take the "philosophical view" (*Id.* at 2) of his circumstances. Plaintiff does not contest the Report's cited case law (*Id.* at 7) and agrees with the Report's factual findings (*Id.* at 11), but claims that dismissal imposes "restrictions" that are "overly rigid, inflexible in light of the truthfully reported rendition of circumstances and events" (*Id.* at 14) and therefore "dangerously tread[s] into the deep waters of 'cruel & unusual punishment.'" *Id.* at 20.

Insofar as Plaintiff objects to the Report's finding that the Rooker-Feldman doctrine applies, the objection is reviewed *de novo* as a timely objection to a dispositive determination. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff's action is based upon state court orders regarding his child support arrears. An Order of Support is attached to the complaint which was issued March 5, 2004 in Queens Family Court against the Plaintiff. Ricardo Remy's mother filed a Petition for Violation of that order on December 12, 2006. On October 3, 2007, Support Magistrate Fondocaro issued a decision finding that Plaintiff's was not liable for support

4

for a period between November 2006 and April 2007, and entered a judgment against Plaintiff for child support arrears in the amount of five thousand, six hundred, ninety-one dollars and thirteen cents ($5,691.13). Plaintiff filed objections to the order and judgment in a petition pursuant to Article 4 of the Family Court Act of New York State which were denied. Plaintiff then appealed to the Appellate Division, Second Department. His appeal was dismissed. See Matter of Remy v. Mitchell, 60 A.D.3d 860, 874 N.Y.S.2d 387 (2d Dep't. 2009). Plaintiff moved for reargument or leave to appeal to the Court of Appeals. The motion was denied on May 22, 2009. Plaintiff also filed an Article 78 Petition in New York Supreme Court opposing the seizure of his vehicle to satisfy his support obligations, which was dismissed on March 30, 2009.

Pursuant to the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over suits that are "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, (2005); see Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-415, 44 S.Ct. 149, 68 L.Ed.2d 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Rooker-Feldman doctrine applies if: (1) the federal court plaintiff lost in state court; (2) the plaintiff's alleged injuries are caused by the state court judgment; (3) the plaintiff's claims invite the district court to review and reject that state court judgment; and (4) the state court judgment was rendered prior to the commencement of the district court proceedings. Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

The Second Circuit has held that "the two substantive requirements" for the application of Rooker-Feldman are the second and third factors – that the plaintiff complains of an injury caused by the state court judgment and that the plaintiff seek review and rejection of the state court judgment. Hoblock, 422 F.3d at 85. In discussing the application of the second factor, the Second Circuit stated:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments....
>
> Can a federal plaintiff avoid Rooker-Feldman simply by clever pleading – by alleging that actions taken pursuant to a court order violate his rights without ever challenging the court order itself? Surely not. In the chid-custody example given above, if the state has taken custody of a child pursuant to a state judgment, the parent cannot escape Rooker-Feldman simply by alleging in federal court that he was injured by the state employees who took his child rather than by the judgment authorizing them to take the child. The example shows that in some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments. The challenge is to identify such suits.
>
> The following formula guides our inquiry: a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear.

Id. at 87-88.

Plaintiff's complaint and five (5) motions for relief claim that the October 3, 2007

6

judgment and the state court decisions upholding the judgment violated his constitutional rights, and therefore the enforcement of the judgment violated his rights. Plaintiff contends there "was not a valid NYS judgment" (Pl. Obj. at 16), arguing that the October 2007 state court judgment was issued "without jurisdiction" and therefore was "of a different error." *Id.* at 20. That argument, if accepted, would obliterate the <u>Rooker-Feldman</u> doctrine. The complaint (1) alleges that he has repeatedly lost in state court, (2) is seeking remuneration from his injuries arising from the judgment, (3) requests that this court review the state court judgment and find that it was made in error, and (4) makes clear that the October 2007 state court judgment was rendered prior to the commencement of this proceeding. Thus, the <u>Rooker-Feldman</u> doctrine bars consideration of Plaintiff's claims by the district court and Plaintiff's objection to application of the <u>Rooker-Feldman</u> doctrine is overruled.

Plaintiff's other complaints fail to raise specific objections to the Report. In any event, Magistrate Judge Tomlinson's Report contains no clear error, and therefore, Plaintiff's general objections are overruled.

No objections have been filed by the Defendants. Upon review, the Court is satisfied that the report is not facially erroneous. Accordingly the Court accepts and adopts the Report as an Order of the Court.

II.  Conclusion

Plaintiff's objections are overruled and the Report is accepted in its entirety, and (1) the motions to dismiss and for a more definite statement on behalf of Defendant New York State

7

Court Officer Captain John Doe #1, and Defendants New York State Court Officers John/Jane Doe 1, 2, 3 and 4 are denied; (2) the motion to dismiss on behalf of all other Defendants is granted with prejudice; and (3) Plaintiff's outstanding motions are denied in their entirety.

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

September 29, 2010
Central Islip, New York